**UNITED STATES of America,**
**Appellee,**

v.

**William FELDER, Defendant–**
**Appellant.**

**Docket No. 04–0820.**

United States Court of Appeals,
Second Circuit.

Sept. 17, 2004.

Sam A. Schmidt, New York, NY, for Defendant–Appellant.

Rita M. Glavin, Assistant United States Attorney (David N. Kelley, United States Attorney, Southern District of New York, on the brief, Celeste L. Koeleveld, Assistant United States Attorney, of counsel), for Appellee.

PRESENT: NEWMAN, CALABRESI, and HALL, Circuit Judges.

SUMMARY ORDER

Defendant–Appellant William Felder appeals the judgment of the district court (Keenan, *J.*) sentencing Felder to six months' imprisonment for participating in a bank fraud conspiracy. In sentencing Felder, the district court, considering all relevant factors, refused to grant Felder's request for a downward sentencing adjustment in light of his alleged minimal or minor role. Felder claims error.

The determination of whether a defendant merits a downward adjustment for a mitigating role in the offense is a highly fact-specific inquiry, which depends on, *inter alia*, the nature of the defendant's relationship to other participants, the importance of his actions to the success of the criminal effort, and his awareness of the nature and scope of the criminal venture. *See United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001). In addition, in order to obtain the downward adjustment, a defendant must establish that his culpability is minor when considered in relation to the "average participant in such a crime." *See United States v. Jeffers*, 329 F.3d 94, 103 (2d Cir.2003) (internal cita-

tions omitted). We accept the district court's findings of fact unless they are "clearly erroneous." *United States v. Franklyn,* 157 F.3d 90, 97 (2d Cir.1998).

There is nothing in the record of this case that suggests error, let alone clear error, in the district court's conclusion that Felder did not merit a downward adjustment; nor was there any error of law in applying the appropriate standards as to whether any such adjustment would be warranted.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker,* No. 04–104, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838, 2004 WL 1713654 (Aug. 2, 2004), and *United States v. Fanfan,* No. 04–105, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838, 2004 WL 1713655 (Aug. 2, 2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its opinion that address the defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan.* In that regard, the parties will have until fourteen days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan.*

We have considered all of Defendant's claims and find them to be without merit. The district court's judgment is therefore AFFIRMED.